FILED

2021 Nov-09  PM 12:30
U.S. DISTRICT COURT
N.D. OF ALABAMA



## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

MARK REED,                                    )
Administrator of the                          )
Estate and personal                           )
representative of                             )
Madison Reed, deceased.                       )
                                              )
        Plaintiff,                           )          Case No:  7:19-cv-1596-LSC
                                              )
v.                                            )
                                              )
TRACKER MARINE                                )
RETAIL, LLC,                                  )
et al.,                                       )
                                              )
        Defendants.                          )

## THE PLAINTFF'S RESPONSE
## TO DEFENDANT TRACKER MARINE, LLC'S MOTION
## TO EXCLUDE PLAINTIFF'S EXPERT WITNESSES AND
## BRIEF IN SUPPORT THEREOF

Comes now the Plaintiff in the above styled cause and for response to the

Motion to Exclude Plaintiff's Experts states as follows:

Plaintiff filed its brief at approximately 12:39 a.m. November 9, 2021 due to

computer difficulties experienced by the undersigned operator.  As a further result

of said difficulties the Table of Contents, and Exhibits A and B were omitted.  For

organizational purposes, Plaintiff refiles his Brief, identical to the one previously

filed, except for the inclusion of the referred to omitted material.

1

# TABLE OF CONTENTS

INTRODUCTION/BACKGROUND........................................................................ 3

LEGAL STANDARD ..........................................................................(No Response)

ARGUMENT....................................................................................................... 12

I.    Mr. Jackson's Opinions Regarding the Tracker Vessel's Design and
      Warnings Should be Stricken Because He Admitted He Does Not
      Have the Expertise to Offer Them .......................(No Response as to Tracker)

II.   Dr. Taravella's Opinions Should Be Excluded in their Entirety.................... 12

      a.   Dr. Taravella's Opinions Should be Excluded Entirely Because
           He Does Not Have the Qualifications to Offer Them........................... 12

      b.   Dr. Taravella Did Not Review Any Materials Facts Before
           Offering His Opinions......................................................................... 13

      c.   Dr. Taravella's "Methodology" is Nothing more than *Jpse Dixit*
           that was Used to Reach Plaintiffs Desired Conclusion ...................... 15

      d.   Dr. Taravella's Opinions Do Not Assist the Trier of Fact................. 19

           I.    Dr. Taravella's Opinions Are Irrelevant................................... 19

           II.   Dr. Taravella's Opinions Are Not Scientifically Helpful. ........ 19

III.  Certain Portions of Dr. Taravella's Opinions Should be Excluded
      Because He Admitted that They Are Unsupported by Any
      Methodology .................................................................................................. 20

IV.   Dr. Taravella's Late Self-Serving Supplemental Affidavit Should be
      Stricken and Disregarded .............................................................................. 21

CONCLUSION .................................................................................................... 21

For organizational purposes, Plaintiff has set out its Table of Contents and the headings related to Defendant's arguments identical to those stated in Defendant's brief.

## INTRODUCTION/BACKGROUND

Plaintiff's experts are properly qualified and the opinions are based on found engineering within their specialized knowledge; based on deficient facts and their testimony concerning the defects alleged was the product of liable principals and methods and each has reliable replied the principals and methods to the facts presented. Their testimony therefore will assist the trier of fact in understanding the basis for the defect alleged.

At the outset Plaintiff addresses, a common thread that runs throughout the brief on behalf of Tracker Marine, LLC (hereinafter referred to as Tracker) to the effect that Plaintiffs experts do not have sufficient data upon which to base their pending testimony and to the effect that Plaintiffs did not conduct sufficient discovery to establish evidence necessary to support the referred to testimony. Defendant appears to take the position that because Plaintiffs expert opinions are not, in their view, sufficiently complicated. The expert testimony should be excluded. For instance, in brief, Tracker states:

1.     At the time Plaintiff's Expert Reports were disclosed, Plaintiff had not served any written discovery, and no witness depositions had taken place, so

3

Plaintiffs Experts relied *entirely* on a summary of what occurred in a police report, some photos of the Vessel taken the night of the Accident, an Autopsy Report, and an in-person inspection of the Vessel that occurred on land and the owner's backyard.  They did not have access to the design drawings, owner's manuals, or any of the facts supplied by over a dozen fact witnesses during deposition, nor did they perform any testing or analysis of the Vessel;  (Document 55, Tracker's Brief, Page 5).

While Dr. Taravella attempts to proffer expert opinions against Tracker regarding the design of the Vessel, the accompanying warnings, and the cause of the injury in this case, his opinion should also be excluded in their entirety because he is not qualified to render them, his so-called "methodology" is nothing more than bias and conclusion-based *Ipse Dixit* and his opinions cannot be considered reliable because he did not review any of the basic key information underlying this case before offering his report (Document 55, Tracker's Brief, Page 8-9).

> (b)    (Dr. Taravella) did not sufficiently review the material facts
>
> underlying the case (Document 55, Tracker's Brief, Page 11)
>
> Here, Dr. Taravella did not even perform at the level of the excluded
>
> expert in *Haney*.  Not only did he not perform any testing on the
>
> subject Vessel or review design drawings or schematics, he did not
>
> review hardly any (sic) of the relevant facts before issuing his

4

opinions and in the Taravella Expert Report Plaintiff's final expert
disclosures were made in mid-February 2021. *See* Ex. B, Taravella
Expert Report. At that time, Plaintiff's Counsel had not served any
written discovery or subpoenaed any records, nor had any depositions
taken place. For that reason, the only materials available to Dr.
Taravella at the time he provided the opinion against Tracker in his
Expert Report were the police accident report (which contained only a
one paragraph summary of what allegedly occurred on the night of the
Accident), some pictures of the Vessel and an Autopsy Report.

(Document 55, Tracker's Brief, Page 13-15)

Dr, Taravella's factual review (or lack thereof) fall well short of the standard
this Court held the expert to in *Haney*, and, if fact, falls well short of the typical
standard that Dr. Taravella holds himself to. (Document 55 Trackers brief at 16).

4.    Plaintiff's counsel did not depose any of the Defendant's experts, so
there are no deposition transcripts for them. This continued Plaintiff's trend of
taking no active steps to work up this case. (Document 55, Tracker's Brief,
footnote 4, page 16).

The facts necessary to support Dr. Taravella's opinion concerning the defect
in the design of Tracker's vessel are entirely undisputed:

1.    Tracker placed in the stream of commerce a Vessel, the bow of which was unprotected by protective railing, said bow extending 40 inches beyond the forward railing situated on the boat deck as depicted in Plaintiff's exhibit A.

2.    Just prior to Madison Reed's death, she was sitting on the leading edge of the bow from which she fell while the boat was moving forward.

3.    As a result of her fall, she was directly between two pontoons situated on either side of the deck of the Vessel separated by an inside clearance of 48 inches.

4.    The sixty horse power Mercury engine was mounted on the stern of the Vessel directly between the two pontoons and therefore Madison was channeled directly into the rotating propellers striking her in the head and ending her life.

Notwithstanding Plaintiff deems it appropriate to address Tracker's criticism of Plaintiff's expert and Plaintiff's counsel of what Tracker characterizes as "unpreparedness" in "taking no active steps to work up this case." (Document 55, Tracker's Brief, page 16) less the Court consider Tracker's bald assertions as an indication of Plaintiff's lack of diligence.

On October 9, 2020 the undersigned on the behalf of Reed notified the Defendant's of this intention to issue subpoenas for the deposition for the owner of the Vessel involved and the operator thereof at the time of the occurrence of

Madison Reed's death and proposed the issuance of a subpoena for the inspection of the Vessel after the taking of the depositions. The issuance of the subpoenas was necessary because no cooperation was had from the owner and operator with Plaintiff's attempts to obtain the referred to discovery. In response, Tracker stated that it would prefer to inspect the boat prior to the depositions with which Brunswick and Mercury concurred (Exhibit B, page 4). On the same day Tracker suggested at because of logistic problems caused by the covid pandemic impairing travel from out of state for the time limit or conducted to and referred to discovery be extended (Exhibit B, page 3). On October 15, Tracker circulated a proposed joint motion for the extension of discovery deadlines (Exhibit B, page 8). All agreed and the Joint Motion for Extension of Deadlines was filed October 21, 2020 (Document 34).

On October 26, the Court entered an Order granting the parties Joint Motion to Extend Discovery deadlines and adopting certain deadlines included in the Joint Motion (Document 34) including each deadline to identify experts pursuant to Rule 26 by February 15, 2021 and that from the Defendant's on April 15, 2021. (Order is Document 35).

On November 19, 2020 Tracker sent an email to Plaintiff citing conversations between the parties attempting to accomplish the inspection of the

vessel prior to the end of the year 2020 and suggesting that this inspection occur in January of 2021.

On December 15, 2020, Tracker contacted all parties suggesting a conference call between all parties to discuss discovery going forward for which the Plaintiff for the next day, December 16, to which the Plaintiff responded that the date was fine except for 11 a.m. CST.

On January 6, 2021 by a series of emails, the parties agreed to conduct a conference call concerning scheduling of a conference call on January 8 determine a definite discovery plan and discussing at least one telephone conversation between the undersigned counsel for Reed and counsel Tracker at the inspection fact witness depositions for a number of days during the week of January 18, 2021. Said e-mails also referred to the Plaintiff to provide preliminary reports from expert witnesses to facilitate an early settlement negotiation.  Said e-mails reference the fact that the fact witnesses may continue to be uncooperative and to discuss a contingency in the event such a problem might occur if they ignored subpoena.  On January 8, Plaintiffs counsel sent an e-mail to Tracker attaching the preliminary report of Plaintiff's expert, Dr. Taravella to facilitate the referred to settlement negotiations.

Following the conference call of January 8, on January 12, Tracker e-mailed counsel for Reed suggesting that the inspection and depositions occurred during

the first two weeks of February 2021 and on the same date, Reed responded that he would schedule the inspection for Monday, February 1, 2021 at the owners home, to which all ultimately agreed.

So, in the delay, preparation of experts, the Plaintiff's part was not the result of its lack of due diligence, but by the lack of cooperation from fact witnesses and Plaintiff's counsel's professional courtesy to accommodate Defendant's logistical problems, its experts and counsel. If at the time, Defendant's suggested extending discovery deadlines, with which Plaintiff agreed, it knew it would not be available to travel until after the end of the year 2020, it seems, at least, unreasonable that they would suggest only a four month extention for the discovery deadlines in the middle of October 2020. In essence, the four month extension did not create an extremely significant period of extension because the Defendants were unavailable for travel or depositions otherwise during the entire months of November, December 2020, and January of 2021.

Plaintiff's counsel, purely out of professional courtesy agreed, at all Defendant's request to conduct the inspection of the boat, which necessarily required that it be live, on site in Alabama before any depositions would be taken. With the benefit of hindsight, perhaps Plaintiff should have approached discovery with a purely adversarial posture, ignored Defendants concerns regarding the logistics in travel and after finally having located the vessel to be inspected issued

9

subpoena for the inspection by Plaintiff's expert and simply invited Defendants to attend and therby avoid Tracker's posture in brief of Plaintiff's counsel's incompetence in "taking no active steps to work up this case."  With respect to Tracker's allegation, the Plaintiff counsel "did not dispose any of Defendant's experts, so there are no deposition transcripts for them.  To continue Plaintiff's trend in taking no active steps to work up this case," also attached in Exhibit B is Plaintiff's request of Defendants to suggest dates for Defenants' experts.  The deposition of Keith Jackson, the Plaintiff's expert, was scheduled for May 20, 2021.  On May 19, 2021, while supplementing expert information with regard to said expert, said expert contacted Plaintiff's counsel to inform him that he would be unavailable on May 20, because a close family member suffered a serious traumatic injury.  On the same day, Tracker requested that as a result of the "last dash minute cancellation", it was going to be difficult to comply with the June 1, 2021 discovery deadline and that the scheduling of all deposition occurred a long time ago, and "we have very limited availability even then." Tracker asked that Plaintiff stipulate to take Mr. Jackson's deposition after the June 1st deadline to which Plaintiff agreed.  On the same day, May 19, 2021, Plaintiff suggested that under the circumstances, no need was seen to have a formal Order extending discovery deadline and requested dates from the Defendants' experts.  None of the Defendants' responded to the referred to request.

Again, on May 27, 2021, Plaintiff again requested dates for Defendants' depositions. Only Mercury and Brunswick responded and only saying they would not oppose Plaintiff's motion to extend deadlines. Tracker did not respond to either request made by the Plaintiff. However, as noted in the Courts Order extending the deadlines entered October 26, 2020, it is plainly stated "there will be no further extensions of time." Therefore, the Plaintiff deemed it inappropriate to request additional time.

All that said, based on Plaintiff's experts' qualifications and inspection of the boat and the understanding of the circumstances of the accident as it occurred, said experts had well sufficient information upon which to base their opinions.

In order to establish by expert testimony that a vessel is defective by not having forward railing extending all the way to the bow of the boat, what more does the expert need to have other than an inspection of the boat to determine that the railing did not extend to the forward edge of the bow, that a fourteen year old child was seated on the forward deck unguarded by railing, that she fell off the boat, passed between the two pontoons and was directed into a rotating propeller. Based on those facts alone, either the vessel is defective for not having a forward railing around the bow or it is not.

All of the assertions of the Defendant is an attempt to suggest some complicated false scenario which simply doesn't exist, and the development of

11

which would only possibly support their affirmative defense that the defect complained of, which Defendant says, is "open and obvious."

## II    DR. TARAVELLA'S OPINIONS SHOULD BE EXCLUDED IN THEIR ENTIRETY.

a.    Dr. Taravella's opinion should be excluded entirely because he does not have the qualifications to offer them.

Tracker takes the position that Dr. Taravella "does not possess the necessary qualifications, experience, or expertise necessary to offer an expert opinion in this matter.

In proper context Tracker's position throughout its brief over complicates the issue upon which Dr. Taravella's opinions are relevant and material.  It is Plaintiff's position, based on Dr. Taravella's opinions, that the Tracker's Vessel is defective by design because it provides a forward deck unprotected by railing which extends beyond the forward railing that is incorporated, a distance of 40 inches.  The forward deck has two fishing chairs on it, the purpose of which, Tracker says, is to accommodate fishing.  According to Dr. Taravella the referred to design creates an unreasonable danger to the casual user, such as Madison Reed, because it creates an invitation to ride on the forward bow while the Vessel is underway.  The danger is exacerbated by the fact that the Vessel is built to accommodate as many as ten passengers, leading to the potential distraction of the

operator. Further, based upon Dr. Taravella's analysis, the casual user would not be expected to appreciate that as a result of a fall from the bow, that they inevitably would be trapped between the two pontoons logs supporting the deck of the Vessel and funneled into the rotating propeller of the engines.

Dr. Tatavella has achieved the terminal degree in his area of expertise of : Doctorate of Philosophy in Engineering and Applied Science with concentration in Naval Architecture and Marine Engineering.

In City of Tuscaloosa v. Harcros Chemicals, Inc. 158 Fed. 3d 548, 564-565 (11th Cir. 1998) a case involving a factual scenario more complex than that presented by the instant case the eleventh circuit reversed the ruling of the trial Court disqualifying Plainitff's expert and in doing so recognized that the expert was a certified public accountant.

Similarly in United States v. Fraiser 387 F. 3d 1244 (11th Cir. 2004) although the expert was excluded for other reasons, the Court recognized that the expert was qualified on this prong of the Daubert test because of his experience in forensic sciences.

b. Dr. Taravella did not review any materials (sic) facts before offering his opinions.

Tracker states in brief "rule 702 expressly requires a proffered experts methods and opinions to be "based on sufficient facts or data" and " reliably

applied ... to the facts of the case." Fed. R. Evid. 702. a methodology cannot be deemed reliable if the factual basis before the opinion is sufficiently call into question. Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 149 (1999). This is the most basic of Daubert's requirements, which insures a potential expert is well versed in the facts of the underlying case."

Tracker then criticizes Dr. Taravella because: he did not review any deposition testimony; did not review any witness statements; did not review any written discovery responses' did not review any design drawing or manufacturing documents for the Vessel; did not review the Owner's Manual; did not test the subject Vessel;  did not formulate or review a 3D model of the Vessel;  and did not review applicable Alabama Boating Regulations.

Neither rule 702 nor Daubert and its progeny require an expert opinion to be based on *all facts or data*,  but on *sufficient facts or data.*  In the instant case Dr. Taravella examined the boat as built per its design .  Dr. Taravella's opinion is that the boat is defective as designed.  In reaching his opinions, Dr. Taravella testified in deposition that he did not need to see the full depositions of the occupants on the boat on the day of the accident (Ex. A dep. Dr. Taravella Doc. 46, 17:18-22 ) ;  that he had enough information to render the opinions given (Ex. A, dep. Dr. Taravella Doc. 46, 45:22-23) ;   He testified that as a design engineer "we do take responsibility for the safety of the users on board." (Ex. A, dep. Dr. Taravella Doc.

46, 152: 21-23); finally Dr. Taravella testified that he had adequate data to render his opinions (Ex. A, dep. Dr. Taravella, Doc. 46, 168:1-12).

Dr. Taravella, although he did not examine schematics of the boat design, did examine the boat itself.  There is no issue concerning whether or not the boat was built as designed.  The facts available to Dr. Taravella were that Madison Reed was sitting on the forward deck of the Vessel with her feet dangling off the front; regardless whether she was precisely seated, without question she was seated in an area on the forward deck in an area between the two pontoons; that she fell into the water, was channeled between the two pontoons and struck in the head by the rotating propeller ending her life.  Such facts are sufficient upon which to base Dr. Taravella's opinions

     c.    Dr. Taravella's "Methodology" is nothing more than *Ipse Dixit* that was used to reach Plaintiff's desired conclusion.

With respect to Tracker's argument on this issue, its premise, that Dr. Taravella offered *Ipse Dixit* testimony used to reach Plaintiff's desired conclusion is expressly contradicted by his testimony. In deposition Dr. Taravella testified as follows:

      (by Ms. Paul, counsel for Tracker)

Q. . . . Let's assume I have asked you to review – and I did not tell you that anyone had died or fallen off the boat.  Would you have rendered an expert opinion that the boats bow was defective if you didn't know someone had fallen off?

A.      I would have rendered an opinion that it was definitely a safety issue.

Q.      But that – but would you have rendered an opinion that the boat was defectively designed if you didn't know that someone had fallen off the boat?

A.      Yes, ma'am.

Q.      Okay. And what part of the boat would have been defectively design regardless of whether she fell off or not?

A.      You know, as it's written there, there's a – you know, there's an attractive – call it a nuisance to the casual user, so somebody's who is not really trained in operating the boat – you brought up the Brennan Marine case, that is a different -- that's kind of comparing apples to oranges here.

You know, in these recreational boats, we have people on board that are not familiar to boats possibly.  You know, they don't have any sort of formal training.  They're  just there trying to enjoy themselves . . . .

A.      It's the obligation of the manufacture to make the design as safe as possible you know, " the casual user may not recognize the dangers of the boat."

As expressed in Dr. Taravella's CV and in his affidavit in opposition to Tracker's Motion for Summary Judgment Dr. Taravella has over twenty years

experience in teaching "multiple courses in boat design on small planing hull." Based on his educational background and experience in the industry he applied such training and experience to opine in the instant case that the "designer (Tracker) did not protect the casual user and presents the casual user with a danger not appreciated by them and did not protect the casual user of this watercraft from the foreseeable use of riding on an unprotected bow." (Ex. B. Taravella aff't., P 2-3 Doc. 46).

As stated in City of Tuscaloosa v. Harcros Chemicals, Inc. 158 Fed. 3d 548, 564-565 (11th Cir. 1998) the expert's proffered testimony need not establish Plaintiff's case in its entirety but is merely a piece of the puzzle to be considered by the trier of fact in determining the ultimate issue:

"The district court first attacked McClave's methodology:

McClave's methodology to determine the existence of a conspiracy is his subjective judgment. His subjective judgments, however, cannot be tested. His opinions about whether high losing bids are signals is based on looking at the data using his "experience" and "judgment." He admits there is no statistical test to determine that a high losing bid is a signal. His statistical analysis is not impressive. Having testified, McClave has not made a case under Fed.R.Evid. 104. His statistics show anything but a successful conspiracy.

*Harcros,* 877 F.Supp. at 1529. Review of this passage reveals two fundamental legal errors. We first consider an error that pervades the court's opinion: the confusion and conflation of admissibility issues with issues regarding the sufficiency of the plaintiffs' evidence to survive summary judgment. To put it succinctly, McClave's data and testimony need not "show a successful conspiracy" to be admitted under Rule 702 as circumstantial evidence of a conspiracy. As expert evidence, the testimony need only *assist* the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue. As circumstantial evidence, McClave's data and testimony need not prove the plaintiffs' case by themselves; they must merely constitute one piece of the puzzle that the plaintiffs endeavor to assemble before the jury. *See Burrell v. Board of Trustees of Ga. Military College,* 970 F.2d 785, 793 (11th Cir.1992); 1 John W. Strong et al., *McCormick on Evidence* § 185, at 777 (4th ed. 1992) ("Direct evidence is evidence which, if believed, resolves a matter in issue. Circumstantial evidence may also be testimonial, but even if the circumstances depicted are accepted as true, additional reasoning is required to reach the proposition to which it is directed." (internal citation omitted)). In requiring that McClave's data and testimony "show a successful conspiracy" in order to be admitted into evidence, therefore, the district court misinterpreted Rule 702 and thus abused its discretion. *See Koon,* 518 U.S. at 100, 116 S.Ct. at 2047

("A district court by definition abuses its discretion when it makes an error of law.").

In the instant case, Dr. Taravella's opinions based on his knowledge and experience provide an explanation of a defect in the design of the Vessel and how it led to, and ultimately caused, Madison's death.

### D.   Dr. Taravella's opinions do not assist the trier of fact.

Here, Tracker states that Dr. Taravella's opinion "offer nothing beyond the understanding of the average lay person. Tracker seems to say that the defect in this Vessel is so obvious that no expert testimony is needed to establish it. However, Tracker's argument ignores that Dr. Taravella's opinion are formulated with an expertise required in order to examine the Vessel as a whole. In sum, Dr. Taravella has testified that the exposed forward deck unprotected by railing invites the casual user to occupy the area while the boat is underway not appreciating the underside configuration of the Vessel. And that, if one were to fall off the bow that they would be channeled by the two pontoons into the rotating propeller. The facts relied upon by Dr. Taravella are contained in the Undisputed Evidence contained in the parties Joint Status Report. Those facts include that the operator was not immediately aware of Madison's fall at the time it happened until the young teens, also on the bow of the boat, signaled him and verbally let him know of the occurrence. Only then did he react, and unfortunately, too late. Therefore

19

any argument by Tracker that the boat as designed did not invite operator distraction is unsupported by the evidence.  It follows that Dr. Taravella's opinions will assist the trier of fact in determining the ultimate issue of whether or not the Vessel was unreasonably dangerous when put to its intended use.

III. Certain portions of Dr. Taravella's opinion should be excluded because he admitted they are unsupported by any methodology.

In this part, Tracker asserts that Dr. Taravella is not qualified as an expert on warnings.  Tracker asserts if that is because he has never been qualified to offer an opinion relative to content on warning labels and he is not certified by ANSI or taken their courses on drafting warning labels.  However, those statements are not tantamount to an admission that he is not qualified to render an opinion on the issue.  Again, his expertise related to design engineering of vessels is referred to above.  In deposition he testified that anyone sitting on the unprotected bow of the boat is unable to see the warning label because it is inside the railing and only thirteen inches above the deck, so, not conspicuous.  He states that the warning label itself is defective because it only warns the user to neither "sit in the fishing chairs or stand forward of the chairs" while the vessel was underway (Ex. A Dep. of Travella Doc 46).

In fact, the undisputed evidence as admitted by Tracker in brief is that Madison was doing neither of the things warned against at the time she suffered her fatal injury.

IV. Dr. Taravella's late self-serving supplemental affidavit should be stricken and disregarded.

Tracker takes the position that Dr. Taravella's affidavit submitted with Plaintiff's opposition to Summary Judgment and attached to their motion (Doc. 55) as Exhibit J should be stricken.  However, it has been held that a parties failure to comply with disclosure requirements of rule 26 bars new or amended opinions "unless the failure was substantially justified or harmless."  Crawford v ITW Food Equip. Group, LLC., 977 F. 3d 1331, 1341 (11th Cir. 2020).   The referred to affidavit does not introduce any new opinion but merely reiterates the previous opinions of Dr. Taravella contained in his reports and deposition testimony.  In no way does it evidence "gamesmanship" nor alter or contradict his previous testimony. Therefore, there is no legal basis upon which it should be disallowed.

## CONCLUSION

Based on the foregoing, Tracker's motion is due to be denied.

/s/ Stan Brobston_____

/s/ Cliff Hardy_____

                              /s/ Stan Brobston_____

21

Stan Brobston (ASB-1287-T55W)
Attorney for the Plaintiff
304 North 18th Street
Bessemer, Alabama 35020
(205)425-4361
stanbrobston@xspedius.net

/s/ Clifford W. Hardy, Jr.
Clifford W. Hardy, Jr. (ASB-
Attorney for Plaintiff
1600 3rd Avenue North
Bessemer, Alabama 35020
(205)428-7348
hardyc@bellsouth.net

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was filed electronically in accordance with applicable rules and was therefore served electronically via CM/ECF on those parties that have properly registered for such electronic service this the 8th day of November, 2021:

Attorneys for BRUNSWICK CORPORATION
Stephen P. Ellenbecker, #6277428 (PHV)
Johnson & Bell, Ltd.
33 West Monroe St. Suite 2700
Chicago, IL 60603-5404
ellenbeckers@jbltd.com

and

Joshua L. Hartman
Hartman, Springfield & Walker, LLP.
3138 Cahaba Heights Road,
Suite 110
Vestavia Hills, Alabama 35243
jhartman@hartmanspringfield.com

Attorneys for TRACKER MARINE, LLC
Jeffrey C. Smith (ASB-0231-H69J)
Watson & Poole, LLC
1651 McFarland Blvd. N.
Tuscaloosa, AL  35406
jsmith@wplawllc.com


and

Christina Paul
K & L Gates, LLP
Southeast Financial Center
200 S. Biscayne Boulevard
Suite 3900
Miami, Florida  33131
Christina.paul@klgates.com

and

Joshua Carpenter
K&L Gates LLP.
Southeast Financial Center
200 S. Biscayne Boulevard
Suite 3900
Miami, FL 33131
Joshua.carpenter@klgates.com


/s/ Stan Brobston_____
Stan Brobston

EXHIBIT A



EXHIBIT B

**BROBSTON & BROBSTON**
**ATTORNEYS AT LAW**
**304 NORTH 18TH STREET**
**BESSEMER, ALABAMA 35020**

J.A. LIPSCOMB (1881-1953)                                    TELEPHONE:  (205) 425-4361
W.E. BROBSTON (1900-1961)                                    FAX:            (205) 425-1304
E.L. BROBSTON (1929-2019)
STAN BROBSTON
stanbrobston@xspedius.net

October 9, 2020

Mr. Jeffrey C. Smith
Watson & Poole, LLC
1651 McFarland Blvd. N.
Tuscaloosa, AL  35406
jsmith@wplawllc.com

Mr. Joshua L. Hartman
Hartman, Springfield & Walker, LLP.
3138 Cahaba Heights Road,
Suite 110
Vestavia Hills, Alabama 35243
jhartman@hartmanspringfield.com

Ms. Christina Paul
K & L Gates, LLP
Southeast Financial Center
200 S. Biscayne Boulevard
Suite 3900
Miami, Florida  33131
christina.paul@klgates.com

Joshua Carpenter
K & L Gates, LLP
Southeast Financial Center
200 S. Biscayne Boulevard
Suite 3900
Miami, Florida  33131
joshua.carpenter@klgates.com

Mr. Stephen P. Ellenbecker
Johnson & Bell, Ltd.
33 West Monroe St. Suite 2700
Chicago, IL 60603-5404
ellenbeckers@jbltd.com

RE:   Mark Reed, et al v. Tracker Marine, LLC, et al
      Case Number: 7:19-CV-01596-LSC
      U.S. District Court for Northern Alabama , Western Division

Hello to All

I am in the process of issuing subpoenas for depositions to the owner, and the operator, of the boat involved in this matter.  Before issuance, I wanted to try to coordinate the date and time with each of you and determine who all would like to attend.

I am looking at Friday, October 23, 2020 at the Office of Mr. Cliff Hardy, Jr. located at 1600 3rd Avenue North, Bessemer, Alabama 35020, with the owner's beginning at 1:00 p. m. C. D. T. and the operator's at 3:30 p. m. C. D. T.

Also, because we have had no cooperation from either the owner or the operator, making it difficult to inspect the boat, I plan to issue a subpoena for such inspection within the next two weeks after the taking of the depositions.

This will cause a delay in providing Rule 26 information, so I propose we set the dates related thereto in the scheduling order for another 30 days.

Please let me know as soon as possible whether or not these dates or time frames are acceptable.

I appreciate your assistance in this matter.

Yours very truly

/Stan Brobston

**Stan Brobston**

| | |
|---|---|
| **From:** | Paul, Christina M. [christina.paul@klgates.com] |
| **Sent:** | Monday, October 12, 2020 11:03 AM |
| **To:** | Stephen P. Ellenbecker; Stan Brobston; jsmith@wplawllc.com; Carpenter, Joshua C.; jhartman@hartmanspringfield.com |
| **Cc:** | 'Cliff Hardy' |
| **Subject:** | RE: Reed v Tracker Brunswick and Mercury |

Stan:

My expert is advising that travel to Alabama, and a return to Michigan, currently requires a two-week quarantine. Logistically, we may have some difficulties getting in to do the inspection and depositions. Are you opposed to pushing things off a little longer given those circumstances?



Christina M. Paul
K&L Gates LLP
200 South Biscayne Boulevard
Suite 3900
Miami, FL 33131-2399
Phone: (305) 539-3316
Mobile: (305) 323-8178
Fax: (305) 371-7095
christina.paul@klgates.com
www.klgates.com
**Consider the environment. Think before you print!**

RESPONDING TO COVID-19
Stay informed with our new
resource center ▶

Austin  Beijing  Berlin  Boston  Brisbane  Brussels
Charleston  Charlotte  Chicago  Dallas  Doha  Dubai  Fort Worth  Frankfurt  Harrisburg  Hong Kong
Houston  London  Los Angeles  Melbourne  Miami  Milan  Newark  New York  Orange County  Palo Alto
Paris  Perth  Pittsburg  Portland Raleigh  Research Triangle Park  San Francisco  Sao Paulo  Seattle  Seoul
Shanghai  Singapore  Sydney  Taipei  Tokyo   Washington, D.C.  Wilmington

**From:** Stephen P. Ellenbecker <ellenbeckers@jbltd.com>
**Sent:** Monday, October 12, 2020 11:58 AM
**To:** Paul, Christina M. <christina.paul@klgates.com>; Stan Brobston <stanbrobston@xspedius.net>; jsmith@wplawllc.com; Carpenter, Joshua C. <Joshua.Carpenter@klgates.com>; jhartman@hartmanspringfield.com
**Cc:** 'Cliff Hardy' <hardyc@bellsouth.net>
**Subject:** RE: Reed v Tracker Brunswick and Mercury

Stan,

We concur in the request for an inspection before commencing depositions. If we need to adjust the deadlines a bit to accommodate that request, I agree to do that.

Steve

**From:** Paul, Christina M. <christina.paul@klgates.com>
**Sent:** Monday, October 12, 2020 10:33 AM
**To:** Stan Brobston <stanbrobston@xspedius.net>; jsmith@wplawllc.com; Carpenter, Joshua C. <Joshua.Carpenter@klgates.com>; Stephen P. Ellenbecker <ellenbeckers@jbltd.com>; jhartman@hartmanspringfield.com
**Cc:** 'Cliff Hardy' <hardyc@bellsouth.net>
**Subject:** RE: Reed v Tracker Brunswick and Mercury

Stan:

Thank you for your correspondence. I hope you and your family are doing well.  We would like to get the boat inspected *prior* to depositions.  Would you be willing to set the inspection first followed by depositions?   Please give me a call to discuss.  Thank you



Christina M. Paul
K&L Gates LLP
200 South Biscayne Boulevard
Suite 3900
Miami, FL 33131-2399
Phone: (305) 539-3316
Mobile: (305) 323-8178
Fax: (305) 371-7095
christina.paul@klgates.com
www.klgates.com
**Consider the environment. Think before you print!**

**RESPONDING TO COVID-19**
Stay informed with our new
resource center ▶

Austin  Beijing  Berlin  Boston  Brisbane  Brussels  Charleston  Charlotte  Chicago  Dallas  Doha  Dubai  Fort Worth  Frankfurt  Harrisburg  Hong Kong  Houston  London  Los Angeles  Melbourne  Miami  Milan  Newark  New York  Orange County  Palo Alto  Paris  Perth  Pittsburg  Portland  Raleigh  Research Triangle Park  San Francisco  Sao Paulo  Seattle  Seoul  Shanghai  Singapore  Sydney  Taipei  Tokyo   Washington, D.C.  Wilmington

**From:** Stan Brobston <stanbrobston@xspedius.net>
**Sent:** Friday, October 09, 2020 4:33 PM
**To:** jsmith@wplawllc.com; Paul, Christina M. <christina.paul@klgates.com>; Carpenter, Joshua C. <Joshua.Carpenter@klgates.com>; 'Stephen P. Ellenbecker' <ellenbeckers@jbltd.com>;

jhartman@hartmanspringfield.com
**Cc:** 'Cliff Hardy' <hardyc@bellsouth.net>
**Subject:** Reed v Tracker Brunswick and Mercury


Hope all of you are doing well.
Please review the attached and contact me when you can.
I appreciate your kind attention.
Stan 205-425-4361


Stephen P. Ellenbecker, Attorney at Law



33 West Monroe Street, Suite 2700
Chicago, Illinois 60603-5404
T: (312) 372-0770 | F: (312) 372-9818
**D: (312) 984-0221**
ellenbeckers@jbltd.com | www.johnsonandbell.com

_____

All contents of this e-mail and any attachment are private & confidential. If received or viewed by anyone other than the intended recipient, neither this e-mail nor any attachments, or anything derived from these, may be used or passed on for any purpose whatsoever, and all materials must be destroyed and the sender notified immediately.

## Stan Brobston

| | |
|---|---|
| **From:** | Stephen P. Ellenbecker [ellenbeckers@jbltd.com] |
| **Sent:** | Wednesday, October 21, 2020 11:50 AM |
| **To:** | Stan Brobston; 'Carpenter, Joshua C.'; 'Paul, Christina M.'; jsmith@wplawllc.com; jhartman@hartmanspringfield.com |
| **Cc:** | 'Cliff Hardy' |
| **Subject:** | RE: Reed v Tracker Brunswick and Mercury |

Stan,

We had reviewed prior to Tracker sending to you. Mercury agrees.

**From:** Stan Brobston <stanbrobston@xspedius.net>
**Sent:** Wednesday, October 21, 2020 11:48 AM
**To:** 'Carpenter, Joshua C.' <Joshua.Carpenter@klgates.com>; 'Paul, Christina M.' <christina.paul@klgates.com>; Stephen P. Ellenbecker <ellenbeckers@jbltd.com>; jsmith@wplawllc.com; jhartman@hartmanspringfield.com
**Cc:** 'Cliff Hardy' <hardyc@bellsouth.net>
**Subject:** RE: Reed v Tracker Brunswick and Mercury

Hello All
I have not filed the Motion with proposed changes because I have not heard back from Brunswick/Mercury.  Please confirm that all agree.
Thanks
Stan 205-425-4361

**From:** Carpenter, Joshua C. [mailto:Joshua.Carpenter@klgates.com]
**Sent:** Wednesday, October 21, 2020 11:44 AM
**To:** Stan Brobston; Paul, Christina M.; 'Stephen P. Ellenbecker'; jsmith@wplawllc.com; jhartman@hartmanspringfield.com
**Cc:** 'Cliff Hardy'
**Subject:** RE: Reed v Tracker Brunswick and Mercury

Good afternoon Stan,

I have not heard back from you and did not see anything get filed, so wanted to follow up.  Are you planning on making the change you suggested and/or submitting the joint motion?

Please let me know if you'd like to discuss.

Thanks,

**Joshua C. Carpenter**
Associate
K&L Gates LLP
Southeast Financial Center, Suite 3900
200 South Biscayne Boulevard
Miami, FL 33131-2399
Phone: 305-539-3327

1

joshua.carpenter@klgates.com
www.klgates.com

**From:** Carpenter, Joshua C.
**Sent:** Friday, October 16, 2020 1:32 PM
**To:** 'Stan Brobston' <stanbrobston@xspedius.net>; Paul, Christina M. <christina.paul@klgates.com>; 'Stephen P.
Ellenbecker' <ellenbeckers@jbltd.com>; jsmith@wplawllc.com; jhartman@hartmanspringfield.com
**Cc:** 'Cliff Hardy' <hardyc@bellsouth.net>
**Subject:** RE: Reed v Tracker Brunswick and Mercury

I am fine with that addition.



**Joshua C. Carpenter**
Associate
K&L Gates LLP
Southeast Financial Center, Suite 3900
200 South Biscayne Boulevard
Miami, FL 33131-2399
Phone: 305-539-3327
joshua.carpenter@klgates.com
www.klgates.com

**From:** Stan Brobston <stanbrobston@xspedius.net>
**Sent:** Friday, October 16, 2020 1:29 PM
**To:** Carpenter, Joshua C. <Joshua.Carpenter@klgates.com>; Paul, Christina M. <christina.paul@klgates.com>; 'Stephen
P. Ellenbecker' <ellenbeckers@jbltd.com>; jsmith@wplawllc.com; jhartman@hartmanspringfield.com
**Cc:** 'Cliff Hardy' <hardyc@bellsouth.net>
**Subject:** RE: Reed v Tracker Brunswick and Mercury

Hello All
I have reviewed the draft and it looks good to me.  The only changes I would suggest would be to have a colon at the end
of paragraph 5 before the a and b; and I think we should add to, or just following the first paragraph on page two:
Additionally, the product at issue is not in the possession, nor under the control, of any of the parties hereto.  The non-
party in possession has not been cooperative in any way with the parties' attempts to gain access to said product,
making discovery more difficult and time consuming.

I'm not married to the suggested language. I just think the Judge should know that we're not sitting on a boat and motor
that could be inspected at any time.

What do y'all think?

Thanks
Stan 205-425-4361

**From:** Carpenter, Joshua C. [mailto:Joshua.Carpenter@klgates.com]
**Sent:** Friday, October 16, 2020 9:42 AM
**To:** Paul, Christina M.; Stephen P. Ellenbecker; Stan Brobston; jsmith@wplawllc.com; jhartman@hartmanspringfield.com
**Cc:** 'Cliff Hardy'
**Subject:** RE: Reed v Tracker Brunswick and Mercury

Good morning Stan,

All of the defendants have reviewed and approved the joint motion/proposed scheduling order that I circulated last night.  Please take a look and let us know if you have any issues with it.

If not, you can go ahead and file the document jointly.

Thanks,

**Joshua C. Carpenter**
Associate
K&L Gates LLP
Southeast Financial Center, Suite 3900
200 South Biscayne Boulevard
Miami, FL 33131-2399
Phone: 305-539-3327
joshua.carpenter@klgates.com
www.klgates.com

**From:** Carpenter, Joshua C.
**Sent:** Thursday, October 15, 2020 7:01 PM
**To:** Paul, Christina M. <christina.paul@klgates.com>; Stephen P. Ellenbecker <ellenbeckers@jbltd.com>; Stan Brobston <stanbrobston@xspedius.net>; jsmith@wplawllc.com; jhartman@hartmanspringfield.com
**Cc:** 'Cliff Hardy' <hardyc@bellsouth.net>
**Subject:** RE: Reed v Tracker Brunswick and Mercury

Stan,

I know you spoke with Christina recently about pushing some of the deadlines in the case back 3-4 months so that we can schedule in-person inspection(s) of the Pontoon and also to accommodate for deposition scheduling.  As discussed, we have drafted a join motion to extend all remaining deadlines in the case for 4 months/120 days.

We used the format that you used for the parties' joint scheduling report, and I pulled the deadlines directly from the Court's scheduling order but added 4 months to each deadline.

We are awaiting final comment from one final person on our end, but wanted to send to you for your review and approval since your expert disclosure is currently due tomorrow, October 15, 2020.

Please let us know if you would like to discuss anything in the motion.  Otherwise, we will let you know when we get final sign-off from that last attorney, and you can file the motion tomorrow.

Thanks,

**Stan Brobston**

| | |
|---|---|
| **From:** | Paul, Christina M. [christina.paul@klgates.com] |
| **Sent:** | Thursday, November 19, 2020 10:50 AM |
| **To:** | Stan Brobston |
| **Subject:** | Reed |

Stan:

I know we spoke about trying to get an inspection and deposition in before the end of the year, but I am not sure my calendar will permit it.  Also, I am concerned and would rather wait until January to appear in person.  Do you think we can push things off until January? These pandemic numbers are alarming.



Christina M. Paul
K&L Gates LLP
200 South Biscayne Boulevard
Suite 3900
Miami, FL 33131-2399
Phone: (305) 539-3316
Mobile: (305) 323-8178
Fax: (305) 371-7095
christina.paul@klgates.com
www.klgates.com
**Consider the environment. Think before you print!**



Austin   Beijing   Berlin   Boston   Brisbane   Brussels   Charleston   Charlotte   Chicago   Dallas   Doha   Dubai   Fort Worth   Frankfurt   Harrisburg   Hong Kong   Houston   London   Los Angeles   Melbourne   Miami   Milan   Newark   New York   Orange County   Palo Alto   Paris   Perth   Pittsburg   Portland   Raleigh   Research Triangle Park   San Francisco   Sao Paulo   Seattle   Seoul   Shanghai   Singapore   Sydney   Taipei   Tokyo   Washington, D.C.   Wilmington

## Stan Brobston

| | |
|---|---|
| **From:** | Clifford W Hardy, Jr. [hardyc@bellsouth.net] |
| **Sent:** | Tuesday, December 15, 2020 5:55 PM |
| **To:** | Carpenter, Joshua C. |
| **Cc:** | Stan Brobston; Paul, Christina M.; Stephen P. Ellenbecker; jsmith@wplawllc.com; Reyes, Laureen E. |
| **Subject:** | Re: Reed v. Tracker:  Scheduling Logistics |

Tomorrow ok except 11 cst

Sent from my iPhone


On Dec 15, 2020, at 2:59 PM, Carpenter, Joshua C. <Joshua.Carpenter@klgates.com> wrote:

> Stan and Cliff:
>
> I know things have been on hold in the Madison Reed case for a while due to Covid-19, but with discovery closing June 1, 2021, we need to start getting some inspections and depositions scheduled soon.  Judge Coogler indicated in his last extension order that he would not be granting any further extensions.
>
> Are either of you free tomorrow (we are free most of the day except 1 PM Eastern) or early next week (Monday or Tuesday) so we can all jump on a call to discuss how we are going to approach discovery in this case going forward?
>
> Please let us know what date/time works best.
>
> Thanks,
>
> 
>
> **Joshua C. Carpenter**
> Associate
> K&L Gates LLP
> Southeast Financial Center, Suite 3900
> 200 South Biscayne Boulevard
> Miami, FL 33131-2399
> Phone: 305-539-3327
> joshua.carpenter@klgates.com
> www.klgates.com
>
> This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only.  If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at Joshua.Carpenter@klgates.com.

## Stan Brobston

**From:** Reyes, Laureen E. [Laureen.Reyes@klgates.com]
**Sent:** Wednesday, January 6, 2021 5:30 PM
**To:** Stan Brobston; 'Stephen P. Ellenbecker'; 'Clifford W Hardy, Jr.'; jsmith@wplawllc.com
**Cc:** Paul, Christina M.; Carpenter, Joshua C.
**Subject:** RE: Reed v. Tracker:  Scheduling Logistics

Good evening,

In anticipation of the conference call scheduled for Friday, January 8 at 10:00 a.m. EST / 9:00 a.m. CST, below please find the dial-instructions for the call.

Dial-in: 1-800-270-2297 / Access Code: 15185473

Thank you.



**Laureen E. Reyes**
Legal Secretary/Sr. Practice Assistant
K&L Gates LLP
Southeast Financial Center
200 S. Biscayne Boulevard, Suite 3900
Miami, Florida 33131
Phone: 305-539-3300
Fax: 305-358-7095
laureen.reyes@klgates.com
www.klgates.com

**From:** Carpenter, Joshua C. <Joshua.Carpenter@klgates.com>
**Sent:** Wednesday, January 06, 2021 6:06 PM
**To:** Stan Brobston <stanbrobston@xspedius.net>; 'Stephen P. Ellenbecker' <ellenbeckers@jbltd.com>; 'Clifford W Hardy, Jr.' <hardyc@bellsouth.net>
**Cc:** Paul, Christina M. <christina.paul@klgates.com>; jsmith@wplawllc.com; Reyes, Laureen E. <Laureen.Reyes@klgates.com>
**Subject:** RE: Reed v. Tracker: Scheduling Logistics

Correct, 10 Eastern, 9 Central.

Laureen, can you please circulate a dial in number for everyone?



**Joshua C. Carpenter**
Associate
K&L Gates LLP

1

Southeast Financial Center, Suite 3900
200 South Biscayne Boulevard
Miami, FL 33131-2399
Phone: 305-539-3327
joshua.carpenter@klgates.com
www.klgates.com

**From:** Stan Brobston <stanbrobston@xspedius.net>
**Sent:** Wednesday, January 06, 2021 5:56 PM
**To:** Carpenter, Joshua C. <Joshua.Carpenter@klgates.com>; 'Stephen P. Ellenbecker' <ellenbeckers@jbltd.com>; 'Clifford W Hardy, Jr.' <hardyc@bellsouth.net>
**Cc:** Paul, Christina M. <christina.paul@klgates.com>; jsmith@wplawllc.com; Reyes, Laureen E. <Laureen.Reyes@klgates.com>
**Subject:** RE: Reed v. Tracker: Scheduling Logistics

Friday is good for us at 9:00 am Central, 10:00 am Eastern.
I assume Jeff Smith is saying 10 am Eastern.  Is that right?
Stan 205-425-4361

**From:** Carpenter, Joshua C. [mailto:Joshua.Carpenter@klgates.com]
**Sent:** Wednesday, January 6, 2021 4:34 PM
**To:** Stephen P. Ellenbecker; Stan Brobston; 'Clifford W Hardy, Jr.'
**Cc:** Paul, Christina M.; jsmith@wplawllc.com; Reyes, Laureen E.
**Subject:** RE: Reed v. Tracker: Scheduling Logistics

We can attend a call Friday morning as well.

Does 10 AM Eastern work for everyone?

If so, we can circulate a dial in number.

**Joshua C. Carpenter**
Associate
K&L Gates LLP
Southeast Financial Center, Suite 3900
200 South Biscayne Boulevard
Miami, FL 33131-2399
Phone: 305-539-3327
joshua.carpenter@klgates.com
www.klgates.com

**From:** Stephen P. Ellenbecker <ellenbeckers@jbltd.com>
**Sent:** Wednesday, January 06, 2021 5:15 PM
**To:** Stan Brobston <stanbrobston@xspedius.net>; Carpenter, Joshua C. <Joshua.Carpenter@klgates.com>; 'Clifford W Hardy, Jr.' <hardyc@bellsouth.net>
**Cc:** Paul, Christina M. <christina.paul@klgates.com>; jsmith@wplawllc.com; Reyes, Laureen E.

<Laureen.Reyes@klgates.com>
**Subject:** RE: Reed v. Tracker: Scheduling Logistics

Friday morning for me.

**From:** Stan Brobston <stanbrobston@xspedius.net>
**Sent:** Wednesday, January 6, 2021 3:57 PM
**To:** 'Carpenter, Joshua C.' <Joshua.Carpenter@klgates.com>; 'Clifford W Hardy, Jr.' <hardyc@bellsouth.net>
**Cc:** 'Paul, Christina M.' <christina.paul@klgates.com>; Stephen P. Ellenbecker <ellenbeckers@jbltd.com>;
jsmith@wplawllc.com; 'Reyes, Laureen E.' <Laureen.Reyes@klgates.com>
**Subject:** RE: Reed v. Tracker: Scheduling Logistics

Afternoon all

I've been in deposition today, so excuse my delay in responding.  Following the 12/15 email, I talked to Christina
and my memory is we tentatively planned to notice inspection and fact witness depositions by subpoena
for a number of days during the week of 1/18.  We also discussed getting preliminary reports from our
experts that might facilitate early settlement negotiation.  I should have the latter by the end of this week.

In any event, I think we should go ahead and have a phone conference and I'm good anytime, but we need
to do it tomorrow or Friday, if all are available.  If not, as soon as possible thereafter.
Because our fact witnesses may be uncooperative, we need
to plan to discuss what to do if they do not respond to subpoenas.

When is best for y'all?
Thanks

Stan 205-425-4361

**From:** Carpenter, Joshua C. [mailto:Joshua.Carpenter@klgates.com]
**Sent:** Wednesday, January 6, 2021 10:42 AM
**To:** Clifford W Hardy, Jr.
**Cc:** Stan Brobston; Paul, Christina M.; Stephen P. Ellenbecker; jsmith@wplawllc.com; Reyes, Laureen E.
**Subject:** RE: Reed v. Tracker: Scheduling Logistics

Good morning all,

I don't believe we ever heard back from Stan about this call.  We really need to get going on this so we don't run out of
time.

What is everyone's schedule like this week and next?  Mornings work better on our end.

Thanks,

**Joshua C. Carpenter**

Associate
K&L Gates LLP
Southeast Financial Center, Suite 3900
200 South Biscayne Boulevard
Miami, FL 33131-2399
Phone: 305-539-3327
joshua.carpenter@klgates.com
www.klgates.com

---

**From:** Clifford W Hardy, Jr. <hardyc@bellsouth.net>
**Sent:** Tuesday, December 15, 2020 6:55 PM
**To:** Carpenter, Joshua C. <Joshua.Carpenter@klgates.com>
**Cc:** Stan Brobston <stanbrobston@xspedius.net>; Paul, Christina M. <christina.paul@klgates.com>; Stephen P.
Ellenbecker <ellenbeckers@jbltd.com>; jsmith@wplawllc.com; Reyes, Laureen E. <Laureen.Reyes@klgates.com>
**Subject:** Re: Reed v. Tracker: Scheduling Logistics


Tomorrow ok except 11 cst

Sent from my iPhone


> On Dec 15, 2020, at 2:59 PM, Carpenter, Joshua C. <Joshua.Carpenter@klgates.com> wrote:

Stan and Cliff:

I know things have been on hold in the Madison Reed case for a while due to Covid-19, but with
discovery closing June 1, 2021, we need to start getting some inspections and depositions scheduled
soon. Judge Coogler indicated in his last extension order that he would not be granting any further
extensions.

Are either of you free tomorrow (we are free most of the day except 1 PM Eastern) or early next week
(Monday or Tuesday) so we can all jump on a call to discuss how we are going to approach discovery in
this case going forward?

Please let us know what date/time works best.

Thanks,

**Joshua C. Carpenter**
Associate
K&L Gates LLP
Southeast Financial Center, Suite 3900
200 South Biscayne Boulevard
Miami, FL 33131-2399
Phone: 305-539-3327
joshua.carpenter@klgates.com
www.klgates.com

4

**Stan Brobston**

| | |
|---|---|
| **From:** | Paul, Christina M. [christina.paul@klgates.com] |
| **Sent:** | Friday, January 8, 2021 8:04 AM |
| **To:** | Stan Brobston |
| **Subject:** | Re: Reed v Tracker |

Hi Stan -

Thanks for sending this along. Josh and Jeff will be on the call today but we can catch up thereafter.

Sent from my iPhone

On Jan 8, 2021, at 9:00 AM, Stan Brobston <stanbrobston@xspedius.net> wrote:

> Dear Christina
> Attached is a synopsis and brief outline of what my expert, Brandon Taravella,
> expects to find as defects with the vessel at issue.
> Of course, this report is in support of what we discussed a few weeks back related to settlement.
> As such, this is not his rule 26 information, but should be considered pursuant to rule 408.
> I look forward to speaking with you today and would like to follow up with phone call to you
> immediately following.
> Will your schedule allow that?
> Thanks
> Stan 205-425-4361
> <Taravella preliminary report.pdf>

**Stan Brobston**

| | |
|---|---|
| **From:** | Stephen P. Ellenbecker [ellenbeckers@jbltd.com] |
| **Sent:** | Friday, January 15, 2021 12:47 PM |
| **To:** | Stan Brobston; 'Paul, Christina M.'; 'Cliff Hardy' |
| **Cc:** | 'Carpenter, Joshua C.'; jsmith@wplawllc.com |
| **Subject:** | RE: Reed |

Stan,

I am checking on the my expert's availability.

Steve

**From:** Stan Brobston <stanbrobston@xspedius.net>
**Sent:** Friday, January 15, 2021 11:21 AM
**To:** 'Paul, Christina M.' <christina.paul@klgates.com>; 'Cliff Hardy' <hardyc@bellsouth.net>
**Cc:** Stephen P. Ellenbecker <ellenbeckers@jbltd.com>; 'Carpenter, Joshua C.' <Joshua.Carpenter@klgates.com>;
jsmith@wplawllc.com
**Subject:** RE: Reed

Hi All

I thought I would schedule the inspection for Monday, February 1, 2021 at 10:00 am where
the boat is kept. It's in Tuscaloosa County, not far from the lake where this happened. I
thought that Monday would be good so everybody could get here over the weekend and get
on back Monday or Tuesday. Please confirm.
Thanks
Stan 205-425-4361

**From:** Paul, Christina M. [mailto:christina.paul@klgates.com]
**Sent:** Tuesday, January 12, 2021 10:39 AM
**To:** Stan Brobston; 'Cliff Hardy'
**Cc:** Stephen P. Ellenbecker; Carpenter, Joshua C.; jsmith@wplawllc.com
**Subject:** Reed -- Call today

Dear Stan:

Do you have time for a call later today? I conferred with counsel for Mercury and both of
us are available for depositions during the first two weeks of February 2021. We would like
these depositions to be scheduled for a Zoom format so both Steve and I can attend the
depositions by Zoom given the rising COVID-19 cases. As for the inspection of the boat, we
both can plan to have our consultants present once we agree on a firm date for the
inspection and we have asked our consultant to hold open those first two weeks. Thanks

Christina M. Paul
K&L Gates LLP

1

# Stan Brobston

| | |
|---|---|
| **From:** | Stephen P. Ellenbecker [ellenbeckers@jbltd.com] |
| **Sent:** | Friday, May 28, 2021 9:17 AM |
| **To:** | Stan Brobston; 'Paul, Christina M.' |
| **Cc:** | hardyc@bellsouth.net |
| **Subject:** | RE: Reed v Tracker Brunswick |

Stan,

Thank you.

I see you are requesting dates for our experts' depositions. The discovery deadline is set at June 1, 2021 with dispositive motions due on 8-1-21. While I am not philosophically opposed to you taking my experts' depositions, I think it requires you to get an extension of the discovery deadline to do so. Pushing the discovery deadline out necessitates a corresponding bump to the dispositive deadline. I cannot go so far as to agree to the extension, but I will not oppose a motion you file provided we agree on the dates. I do not currently know the availability of my witnesses.

Steve

**From:** Stan Brobston <stanbrobston@xspedius.net>
**Sent:** Thursday, May 27, 2021 5:39 PM
**To:** 'Paul, Christina M.' <christina.paul@klgates.com>; Stephen P. Ellenbecker <ellenbeckers@jbltd.com>
**Cc:** hardyc@bellsouth.net
**Subject:** Reed v Tracker Brunswick

Christina and all

Attached is the invoice I think you requested at Dr. Taravella's deposition.
If there is something more, please advise.
According to him, the 12/31 date is the date of deposit and not date of receipt.
So, I will get that for you.
By cc to Cliff, I remind that we need to get the date of the check.
Also, I had earlier mentioned I wanted some dates for your experts.
Please let me know.
Thanks

Stan 205-425-4361


Stephen P. Ellenbecker, Attorney at Law



33 West Monroe Street, Suite 2700
Chicago, Illinois 60603-5404
T: (312) 372-0770 | F: (312) 372-9818
**D: (312) 984-0221**
ellenbeckers@jbltd.com | www.johnsonandbell.com

1

## Stan Brobston

| | |
|---|---|
| **From:** | Stan Brobston [stanbrobston@xspedius.net] |
| **Sent:** | Wednesday, May 19, 2021 6:03 PM |
| **To:** | 'Carpenter, Joshua C.'; 'Stephen P. Ellenbecker'; 'Paul, Christina M.' |
| **Cc:** | 'hardyc@bellsouth.net' |
| **Subject:** | RE: Reed |

Hi all

I'll pass it on to Keith and thanks.

I can stipulate and I think we all should.  I don't think it's necessary to file with the Court. We've been going pretty hard at it and I still need some dates for y'all's experts.  If all agree, I don't see why the court would prevent it.
We are not set until January and dispositive motions aren't due until August 1, as I recall.
I don't perceive any problem.  If someone has a different view, please advise.

Thanks
Stan 205-425-4361

---

**From:** Carpenter, Joshua C. [mailto:Joshua.Carpenter@klgates.com]
**Sent:** Wednesday, May 19, 2021 5:22 PM
**To:** Stan Brobston; 'Stephen P. Ellenbecker'; Paul, Christina M.
**Cc:** hardyc@bellsouth.net
**Subject:** RE: Reed

Stan,

Very sorry to hear about Keith's emergency.  We hope everything is ok, and wish him and his family the best.

While we understand that he will not be available tomorrow, this last-minute cancelation is going to make it very difficult to get his deposition completed by the Court's June 1 discovery deadline.  As you know, we scheduled these dates a long time ago, and we had very limited availability even then.

We will attempt to find a date that works next week, but under the circumstances, we would ask that you stipulate that you will allow us to take Mr. Jackson's deposition after that June 1 deadline if need be.  Since it is federal court, we may need to file something to make sure that is acceptable.   I'm going to look into that, but for now, please let us know that you do not object and will agree to a joint motion/proposed order stating the same.

We would like to know before Keith's scheduled deposition time tomorrow so that we can file a notice of cancelation.

Thanks,

**Joshua C. Carpenter**
Associate
K&L Gates LLP
Southeast Financial Center, Suite 3900

1

200 South Biscayne Boulevard
Miami, FL 33131-2399
Phone: 305-539-3327
joshua.carpenter@klgates.com
www.klgates.com

**From:** Stan Brobston <stanbrobston@xspedius.net>
**Sent:** Wednesday, May 19, 2021 5:54 PM
**To:** 'Stephen P. Ellenbecker' <ellenbeckers@jbltd.com>; Carpenter, Joshua C. <Joshua.Carpenter@klgates.com>; Paul,
Christina M. <christina.paul@klgates.com>
**Cc:** hardyc@bellsouth.net
**Subject:** Reed

Hello All

Attached hereto is the remainder of the information requested of Mr. Keith Jackson.
I also have a prop guard, consistent with those depicted on Mr. Jackson's web site
that he built for the boat/motor involved in our suit. I don't know how to get it to
you for inspection and would like your thoughts.

While I was preparing this email, Mr. Jackson called me and informed me that
he has just learned that a close family member has been in an accident
and suffered serious injuries. He is immediately leaving to travel to
the Bay Area and will not be available for deposition tomorrow.

He sends his sincere apologies for any inconvenience, but says
he will do all he can to be available whenever the rest of us are next week,
but there remains some uncertainty about the family member's condition.

Please forgive the inconvenience.

Thanks
Stan 205-425-4361

This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only. If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at Joshua.Carpenter@klgates.com.